UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILICON GENESIS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>EV GROUP E.THALLNER GMBH,<br><br>    Defendant. | Case No. 22-cv-04986-JSC<br><br>**ORDER RE: MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 36 |

Before the Court is Defendant's motion for a protective order. (Dkt. No. 36.)[1] Defendant seeks to impose a slightly modified version of the Northern District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, which allows two tiers of designation: Confidential and Highly Confidential – Attorneys' Eyes Only ("AEO").[2] Plaintiff seeks the District's Protective Order for Standard Litigation, which allows only a Confidential designation. To facilitate the mediation set for April 6, 2023, the Court imposed the former to govern this case as an interim measure. (Dkt. No. 41.)

After carefully considering the parties' briefing, the Court concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the March 30, 2023 hearing, and DENIES the motion. Defendant has not established good cause for an AEO-level designation. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.-N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Van v. Wal-Mart Stores, Inc.*, No. C 08-5296 PSG, 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011) ("[To obtain a] blanket protective order[] . . . , a party must make some threshold

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] *See* Model Protective Orders, U.S. District Court for the Northern District of California, https://www.cand.uscourts.gov/forms/model-protective-orders/.

showing of good cause to believe that discovery will involve confidential or protected information. This may be done on a generalized as opposed to a document-by-document basis."). Defendant has not explained why its sales data and financial statements should be limited to AEO and why the standard confidentiality designation, which would require Plaintiff's employees to sign the Acknowledgement and Agreement to Be Bound, is insufficient. *See Yith v. Nielsen*, No. 114-CV-01875-LJO-SKO, 2019 WL 2567290, at *7–9 (E.D. Cal. June 21, 2019) (finding good cause for protective order as to non-parties' passport numbers, Social Security numbers, and dates of birth, "which could harm law enforcement efforts and agency determinations in immigration enforcement," but no good cause for "treating certain information as [AEO] as opposed to simply 'Confidential'"). It has not demonstrated that patents or trade secrets are at issue, nor that Plaintiff is a competitor. Thus, the cases upon which it relies are inapposite. *See, e.g.*, *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992) (parties were competitors); *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007) (parties sold the same product). The parties' underlying license agreement, which allows Plaintiff to audit Defendant's financial records through an accounting firm and prohibits the firm from disclosing confidential information to Plaintiff, does not establish good cause to limit certain financial information to Plaintiff's outside counsel as the contractual provision does not purport to govern litigation between the parties.

Accordingly, Defendant's motion is denied. On or before March 28, 2023, the parties shall file a stipulated Protective Order for Standard Litigation, with the declaration required by this Court's standing order,[3] or a joint discovery dispute letter brief in the event a stipulation cannot be reached. The March 23, 2023 further case management conference will be held as scheduled.

This Order disposes of Docket No. 36.

//

//

---

[3] *See* Civil Standing Order for District Judge Jacqueline Scott Corley, U.S. District Court for the Northern District of California, https://cand.uscourts.gov/wp-content/uploads/judges/corley-jsc/JSC-Standing-Order-Feb-17-2023-docx.pdf, at 5.

**IT IS SO ORDERED.**

Dated: March 22, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge