UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILICON GENESIS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EV GROUP E.THALLNER GMBH,<br><br>Defendant. | Case No. 22-cv-04986-JSC<br><br>**ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 48 |

Before the Court is Defendant's motion to dismiss the second amended complaint ("SAC"). (Dkt. No. 48; *see* Dkt. No. 44.) Having carefully considered the briefing, the Court concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the May 11, 2023 hearing, and DENIES the motion.

The Court granted Defendant's motion to dismiss the first amended complaint because it did not allege facts plausibly supporting an inference that there exist sales of "certain equipment" for which Defendant owes and has never paid royalties. (Dkt. No. 38.) The SAC cures that deficiency. It alleges the parties' patent licensing agreement covers products including "a plasma enabled bonding system having a plasma activation chamber and one or more of the following: (a) a wafter [sic] transfer and wafer edge alignment subsystem, or (b) a cleaning, drying, and bonding subsystem." (Dkt. No. 44 ¶ 20.) Defendant's website describes its Bondscale product as a plasma activated bonding system and says the product is being sold, but Defendant has not reported any royalties on that product. (*Id.* ¶¶ 20, 27.) In 2019, Plaintiff discovered through an audit that Defendant had underpaid royalties on its Gemini FB product, which it describes on its website as a fusion and hybrid bonding system, by recording the sale price of a portion of the Gemini FB system rather than the complete system. (*Id.* ¶ 21.) The parties' agreement gives Plaintiff the

right to audit Defendant's records, but Defendant gave incomplete information during the 2021 audit.  (*Id.* ¶¶ 22–23, 28.)

If it is true as a matter of fact that Defendant sold Bondscale and Gemini FB, and correct as a matter of law that those products are covered by the parties' agreement, then it is plausible Defendant has breached the agreement by not paying royalties on those and other products.  Thus, the SAC allegations are not "threadbare recitals of the elements of a cause of action" but specific facts that, if true, plausibly support an inference Defendant has breached the parties' agreement.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The allegations "give fair notice," "enable the opposing party to defend itself effectively," and do not make it "unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Defendant spends much of its motion arguing the SAC allegations are false.  But at this stage, the Court must accept all well-pleaded factual allegations as true.  *See Iqbal*, 556 U.S. at 679.  The Court cannot use Defendant's declaration or the declaration's description of the parties' 2020 settlement agreement, which are neither attached to the SAC nor incorporated by reference, to conclude the SAC allegations are false.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Defendant's citation to *Menzel v. Scholastic, Inc.*, No. 17-CV-05499-EMC, 2018 WL 1400386, at *2 (N.D. Cal. Mar. 19, 2018), also fails to persuade.  The plaintiff, a photographer, simply alleged Scholastic had violated its license agreement "in various ways," such as "printing more copies of the Photographs than authorized" and "publishing the Photographs beyond the specified time limits."  *Id.* at *1.  Here, Plaintiff's allegations about Bondscale, Gemini FB, and Defendant's evading the audit are much more specific and "ma[k]e the inference of culpability plausible."  *Id.* at *3.

Finally, the SAC does not exceed the Court's grant of leave to amend.  (*See* Dkt. No. 38 at 2.)  Paragraphs 22 and 23 do not add new claims.  They add new allegations about Defendant's evading the audit, which help to "raise . . . above the speculative level" Plaintiff's contention that Defendant is withholding royalties on other, yet unknown products.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Starr*, 652 F.3d at 1217 ("[Federal Rule of Civil Procedure 8(a)]

does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence to support the allegations." (cleaned up)).

\* \* \*

Accordingly, Defendant's motion to dismiss the SAC is DENIED.

This Order disposes of Docket No. 48.

**IT IS SO ORDERED.**

Dated: April 20, 2023

JACQUELINE SCOTT CORLEY
United States District Judge