1  MATTHEW G. BALL (SBN 208881)
   matthew.ball@klgates.com
2  JASON N. HAYCOCK (SBN 278983)
   jason.haycock@klgates.com
3  ANDREW J. WU (SBN 326268)
   andrew.wu@klgates.com
4  **K&L GATES LLP**
   Four Embarcadero Center, Suite 1200
5  San Francisco, CA 94111
   Telephone: (415) 882-8200
6  Facsimile: (415) 882-8220

7
   *Attorneys for Defendant and Counterclaimant*
8  *EV Group E. Thallner GmbH*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Silicon Genesis, Corp., | Case No: 3:22-cv-04986-JSC |
| Plaintiff, | **DEFENDANT EV GROUP E. THALLNER GMBH'S** |
| vs. | **(1) ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS OWN MATERIALS; AND** |
| EV Group E. Thallner GmbH, | **(2) ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |
| Defendant. | Hon. Jacqueline Scott Corley |
| | Trial Date: June 28, 2024 |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant and Counterclaimant EV Group E. Thallner GmbH ("EVG") respectfully submits this (1) Administrative Motion to File Under Seal Its Own Materials in connection with its Reply in Support of Motion for Partial Summary Judgment ("Reply"), and (2) Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed.

## I. ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS OWN MATERIALS

The Ninth Circuit has recognized that the "compelling reasons" standard applies when evaluating motions to seal filed in connection with motions that are more than "tangentially related to the merits of the case." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098, 1101 (9th Cir. 2016) (distinguishing between discovery motions that were unlikely to be related to the merits, with motions for summary judgment that "obviously" were). Because EVG's Reply is related to the merits of the case and affects the substantive rights of the litigants, the "compelling reasons" standard applies. *See id.* at 1098 ("compelling reasons" standard applies to "documents attached to a motion for summary judgment" because "summary judgment adjudicates substantive rights.") (internal quotations and citation omitted).

A compelling reason to seal information exists when "court files might [] become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (internal quotations and citation omitted). Examples of a compelling reason to seal include when a court file may be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon v. Warner Comm'n, Inc.*, 435 U.S. 589, 598-99 (1978)). For purposes of sealing, courts construe a "trade secret" to include "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70.

For the reasons discussed below, EVG respectfully requests that this Court seal the following confidential information of EVG:

- The unredacted versions of two EVG royalty reports marked "Confidential" (*see* Lindner Reply Decl., Exs. 1-2)

### A. Compelling Reasons Exist to Seal the Confidential Information in the Royalty Reports

Compelling reasons exist to file under seal the unredacted versions of the two royalty reports attached as Exhibits 1 and 2 to the Paul Lindner Reply Declaration. The royalty reports were prepared by EVG, contains sensitive financial data and calculations regarding royalties under the parties' PLA, and is marked "Confidential." When combined, the information that EVG requests to be sealed reveals which royalty rates apply to a specific system sold to a customer for a particular purpose, including the net sales that EVG generated from that particular transaction. Declaration of Paul Lindner in Support of Motion to Seal ("Lindner Admin Decl.") ¶ 4.

This information comprises EVG's highly confidential and sensitive financial information that EVG protects from disclosure to the public. If such information were disclosed to the public, it would harm EVG's competitive standing in the industry, specifically with respect to pricing terms and royalty rates for licensing agreements. Courts have found compelling reasons to seal similar information. *See, e.g.*, *Bunsow De Mory LLP*, 2020 WL 7872197, at *1 (Corley, J.) ("Confidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard.") (citation omitted); *Adtrader, Inc. v. Google LLC*, 2020 WL 6395528, at *2 (N.D. Cal. Feb. 11, 2020) (sealing documents that "could cause competitive harm by providing insight into Google's strategic and financial decisions[.]"); *Prescott v. Reckitt Benckiser LLC*, 2022 WL 847309, at *4 (N.D. Cal. Mar. 22, 2022) ("internal business strategies, . . . trade secrets, . . . and financial information" are "an appropriate subject for sealing").

If such information were disclosed without EVG's express consent, EVG would be significantly harmed in its ability to negotiate future payment terms for its systems that it develops and sells to customers and to negotiate royalty rates, royalty terms, and payment terms in future licensing agreements. Lindner Admin Decl. ¶ 4. *See DiscoverOrg Data LLC*, 2020 WL 8669859, at *3; *Philips*, 2016 WL 7374214, at *6. EVG's request to seal is narrowly tailored as it only seeks to seal specific portions that contain EVG's confidential, competitive, and other sensitive information that, when combined, reveal the specific payment terms, royalty rates, and other financial and

commercial information belonging to EVG.  Thus, compelling reasons justify sealing this information.

## II. ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

Pursuant to Local Rule 79-5(f), EVG moves for consideration of whether the following information of Plaintiff SiGen should be sealed:

- The unredacted version of the August 30, 2023 deposition transcript excerpt of Theodore Fong (SiGen's Rule 30(b)(6) designee) (*see* Ball Reply Decl., Ex. 1)

Counsel for SiGen designated Mr. Fong's entire transcript as confidential on the record, however, there are no "compelling reasons" to seal this information at the summary judgment stage.

Dated: February 15, 2024

K&L GATES LLP

By: /s/ *Matthew G. Ball*
Matthew G. Ball
Jason N. Haycock
Andrew J. Wu
*Attorneys for Defendant and Counterclaimant*
*EV Group E. Thallner GmbH*