UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILICON GENESIS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EV GROUP E.THALLNER GMBH,<br><br>Defendant. | Case No. 22-cv-04986-JSC<br><br>**ORDER RE: ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. Nos. 123, 124, 125 |

Plaintiff (SiGen) sues Defendant (EVG) for failing to pay royalties owed under a patent licensing agreement. (Dkt. No. 44.)[1] The Court granted SiGen's motion for monetary contempt sanctions against EVG for violating the Protective Order. (Dkt. No. 122.) Before the Court are the parties' declarations as to SiGen's request for attorneys' fees and costs. (Dkt. Nos. 123, 124, 125.) Having carefully considered the submissions, the Court AWARDS SiGen $51,162.58, which consists of $46,400 for Mr. Poe's prosecution of SiGen's application for a temporary restraining order and preliminary injunction and $4,762.58 for SiGen's Austrian representation.

**DISCUSSION**

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). In civil contempt actions, "an award to an opposing party is limited by that party's actual loss." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1366-67 (9th Cir. 1987); *see also Gen. Signal Corp.*, 787 F.2d at 1380 ("Compensatory awards are limited to 'actual losses *sustained as a result*

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

*of the contumacy.*'").

The Court held EVG in contempt for violating the Protective Order by using confidential emails produced in this action to initiate suit against SiGen in Austria. (Dkt. No. 122.) SiGen seeks monetary sanctions consisting of attorneys' fees and costs for representation in the Austrian litigation and prosecution of SiGen's application for a temporary restraining order and preliminary injunction. (Dkt. No. 113-2 ¶¶ 9-10.) At a rate of $1,000 an hour, SiGen requests $57,900 in attorneys' fees for 57.9 hours spent prosecuting SiGen's application for a temporary restraining order and preliminary injunction, in addition to $8,094.28 for Austrian counsel's preparation to respond to EVG's Austrian complaint. (Dkt. No. 123 ¶ 9.) Combined with the $922.31 SiGen seeks in out-of-pocket costs, the total monetary sanction SiGen requests is $66,916.59. (*Id.*)

## I. Attorneys' Fees

The presumptive lodestar method for calculating attorneys' fees multiples the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). "In calculating the lodestar, district courts have a *duty* to ensure that claims for attorneys' fees are reasonable." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (cleaned up).

### a. Hourly Rate

To determine the reasonable hourly rate, the Court considers the experience, skill, and reputation of the attorneys requesting fees, as well as "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 908 (9th Cir. 1995). "The relevant community for purposes of determining the prevailing market rate is generally the forum in which the district court sits." *TPCO US Holding, LLC v. Fussell*, No. 23-CV-01324-EMC, 2023 WL 5111986, at *2 (N.D. Cal. Aug. 9, 2023) (cleaned up).

SiGen requests a reasonable hourly rate of $1,000 per hour for the 57.9 hours Mr. Poe spent prosecuting SiGen's application for a temporary restraining order and preliminary injunction. *AdTrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 1921774, at *8 (N.D. Cal. Mar. 24, 2020) (approving of Gaw | Poe's rate of $1,000 per hour as "reasonable and

1    comparable to the fees generally charged by attorneys with similar experience, ability, and
2    reputation for work on similar matters in this judicial district."); *In re Outlaw Lab'ys, LP Litig.*,
3    No. 18-CV-840-GPC-BGS, 2023 WL 6522383, at *4 (S.D. Cal. Oct. 5, 2023) ("[T]he Court holds
4    that $996 is a reasonable rate for Mr. Poe. . .").

5    As to Austrian counsel's fees, SiGen requests $8,094.28 for the 21.167 hours three Wolf
6    Theiss attorneys spent preparing a response to EVG's Austrian complaint. (Dkt. No. 123 at 4, 11.)
7    The description of services provided yields the following totals:

- Eva Spiegel: 5 hours at €500.00 per hour, totaling €2,500.00.
- Stephan Kugler: 6.5 hours at €400.00 per hour, totaling €2,600.00.
- Dominik Szerencsics: 9.667 hours at €240.00 per hour, totaling €2,320.00.

(*Id*. at 11.) Because the Court lacks information on the experience, skill, and reputation of Austrian counsel, the reasonable rate for Austrian counsel's work is $300 per hour. *TPCO US Holding, LLC*, 2023 WL 5111986, at *2. ("Here, the relevant forum for comparing reasonable attorney rates is the Northern District Court of California. District courts in Northern California have found that rates of $475–$975 per hour for partners and $300–490 per hour for associates are reasonable." (cleaned up)); *Superior Consulting Servs., Inc. v. Steeves-Kiss*, No. 17-CV-06059-EMC, 2018 WL 2183295, at *5 (N.D. Cal. May 11, 2018) ("As for the reasonable hourly rate, district courts in Northern California have found that rates of $475-$975 per hour for partners and $300-$490 per hour for associates are reasonable."); *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *20 (N.D. Cal. Aug. 17, 2018) (finding $240 hourly rate for contract and staff attorneys reasonable); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 965 (N.D. Cal. 2014) (approving rates ranging from $355 to $1,095 per hour for partners and associates). So, Austrian counsel's billable amount is reduced to $6,350.10.

b.  **Hours Expended**

"In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (cleaned up). SiGen's counsel "bears the burden of submitting detailed time records justifying the hours claimed to have been

3

1   expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion
2   amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987).  The Court may reduce those hours
3   "where documentation of the hours is inadequate; if the case was overstaffed and hours are
4   duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Id.*

5         The billable amount of Gaw | Poe hours expended is reduced by 11.5 hours because the
6   Court declines to award fees for SiGen's counsel's time traveling to and from this District, where
7   Gaw | Poe LLP is based.  (Dkt. No. 123 at 8.)  So, Mr. Poe's billable amount is reduced to
8   $46,400.

9         As to Austrian counsel, SiGen fails to provide contemporaneous records of the 21.167
10  hours spent preparing a response to EVG's Austrian complaint.  Further, Austrian counsel's
11  description of services fails to "segregate the fees by task or category, which makes it difficult to
12  evaluate the reasonableness of the time expended, or to calculate precise sums that should be
13  allowed or disallowed." *Davis v. Elec. Arts Inc.*, No. 10-CV-03328-RS (DMR), 2018 WL
14  1609289, at *7 (N.D. Cal. Apr. 3, 2018), *objections overruled*, No. 10-CV-03328-RS, 2018 WL
15  11436294 (N.D. Cal. May 10, 2018).  For these reasons, Austrian counsel's fee request warrants a
16  25% reduction. *Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983) ("[T]he District Court properly
17  considered the reasonableness of the hours expended, and reduced the hours of one attorney by
18  thirty percent to account for his inexperience and failure to keep contemporaneous time records.");
19  *see, e.g.*, *Innovative Sports Mgmt., Inc. v. Gutierrez*, No. 22-CV-05793-BLF, 2023 WL 4686018,
20  at *2 (N.D. Cal. July 20, 2023) ("Because the billing records were not created contemporaneously,
21  the Court finds that they are inherently less reliable and susceptible to time inflation.").  So,
22  Austrian counsel's billable amount is reduced to $4,762.58.

23        EVG insists the sanctions award "should not reflect the full amount of SiGen's fees" by
24  rehashing its argument EVG believed it did not violate the Protective Order.  (Dkt. No. 125 at 2.)
25  Relying on *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir.
26  1993), EVG requests the Court lower the sanctions award because EVG "did not disseminate
27  *SiGen*'s confidential or proprietary information when it initiated the Austrian lawsuit." (*Id.*)  The
28  Court already dismissed this argument in deciding EVG blatantly violated the Protective Order by

4

misusing confidential material produced in this litigation for an improper purpose. (Dkt. No. 122 at 4-5.) *In re Dual-Deck* is inapplicable because, here, EVG purposefully revealed confidential information—SiGen's CEO's email correspondence—in violation of the Protective Order. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) ("The defendants have not accused Go–Video of revealing any secrets.").

\* \* \*

The total attorneys' fee award is $51,162.58, which consists of $46,400 for Mr. Poe's prosecution of SiGen's application for a temporary restraining order and preliminary injunction and $4,762.58 for SiGen's Austrian representation.

## II. Costs

SiGen requests $922.31 in out-of-pocket costs for Mr. Poe's airfare to and from San Francisco, in-flight Wi-Fi, hotel, car ride from the Court to the airport, airport dinner, and parking. (Dkt. No. 123 ¶ 8.) The Court declines to award costs related to Mr. Poe's travel to and from this District.

EVG requests the Court deduct $228.38 from the sanctions award on the grounds Austrian counsel failed to seek "reimbursement of certain legal costs incurred in connection with filing materials with the Vienna Court." (Dkt. No. 125 at 2.) SiGen does not seek costs for the Vienna court's filing fees, so the Court declines to deduct $228.38 from the sanctions award.

## CONCLUSION

Accordingly, the Court AWARDS SiGen $51,162.58, which consists of $46,400 for Mr. Poe's prosecution of SiGen's application for a temporary restraining order and preliminary injunction and $4,762.58 for SiGen's Austrian representation.

This Order disposes of Docket Nos. 123, 124, and 125.

**IT IS SO ORDERED.**

Dated: April 15, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

5